[Department Two. — October 25, 1883.]

JAMES FAIRBANKS, APPELLANT, *v.* WM. H. ROBINSON, ADMINISTRATOR OF THE ESTATE OF JOHN T. MARTIN, DECEASED, ET AL., RESPONDENTS.

ESTATES OF DECEASED PERSONS — PROVISION FOR SUPPORT OF FAMILY — MORTGAGE. — An order of a Superior Court setting aside a parcel of land for the support of minor children of a decedent under the provisions of section 1469 of the Code of Civil Procedure, does not divest the lien of a mortgage given by the decedent to secure the payment of the purchase money of the land.

APPEAL from a judgment of the Superior Court of Stanislaus County.

The defendants Olive Martin and John Martin averred in their answer that they were minor children of John T. Martin, deceased; that John T. Martin died intestate, leaving no property from which an allowance could be made for their support, other than the property described in the complaint. It was then averred that "the Superior Court, after due and legal proceedings had, made an order setting apart and assigning for the support, use, and benefit of the two minor children, Olive Martin. and John Martin, the entire estate of said deceased, in lieu of a family allowance, and instead of a homestead," including the mortgaged premises. The other facts are stated in the opinion of the court.

*Johnson & Hazen,* for Appellant.

*T. A. Coldwell*, for Respondents.

PER CURIAM. — This is an action to foreclose a mortgage executed by the intestate Martin to secure a portion of the purchase money of the premises. The answer of the defendants Olive and John Martin, avers that all the property of the intestate, including the mortgaged premises, was set apart to said defendants under section 1469 of the Code of Civil Procedure. The answer was demurred to, and the demurrer overruled.

We are of opinion that the demurrer should have been sustained. The matters set up in the answer constitute no defense to this action.

Judgment reversed and cause remanded with instruction to sustain the demurrer to defendants' answer, with leave to amend within ten days after notice thereof.